PARAMOUNT MEDIA GROUP, INC., )
)
        Plaintiff, )      Civil Action No. 13 CV 3994
)
      v. )      Hon. Charles R. Norgle
)
VILLAGE OF BELLWOOD, et al., )
)
        Defendants. )

## ORDER

Defendant Image Media Advertising, Inc.'s Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6) [21] is denied. Defendant Village of Bellwood's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) [24] is also denied. The stay on Plaintiff's Motion for Preliminary Injunction [29] is lifted. Defendants' responses are due on or before November 1, 2013. Plaintiff's reply is due on or before November 8, 2013. Discovery shall move apace.

## STATEMENT

      Plaintiff Paramount Media Group, Inc. ("Plaintiff") sues Defendants Village of Bellwood (the "Village") and Image Media Advertising, Inc. ("Image Media") (collectively, "Defendants") for alleged violations of the First Amendment, Fourteenth Amendment, the Sherman Act, 15 U.S.C. §§ 1-2, and seeks a declaratory judgment that the Village exceeded its authority to authorize the execution of an agreement between the Village and Image Media, which provides Image Media with the opportunity to construct a billboard advertising sign on Village property. Before the Court are Defendants' motions to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motions are denied.

      A motion under Rule 12(b)(6) tests the sufficiency of the complaint under the plausibility standard," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), not the merits of the suit, Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in Plaintiff's Complaint, and draws all reasonable inferences in its favor. Burke v. 401 N. Wabash Venture, LLC, 714 F.3d 501, 504 (7th Cir. 2013) (citations omitted).

      Here, Plaintiff's Complaint provides Defendants with fair notice of the claims and the grounds for relief. The Court declines Defendants' invitation to determine the merits of the case at this stage in the proceedings. "A complaint that invokes a recognized legal theory (as this one does) and contains plausible allegations on the material issues (as this one does) cannot be dismissed under Rule 12." Richards v. Mitcheff, 696 F.3d 635, 638 (7th Cir. 2012) (citing Erickson v. Pardus, 551 U.S. 89 (2007)). Accordingly, Defendants' motions are denied.

Finally, the stay on Plaintiff's motion for a preliminary injunction is lifted. Defendants' responses to the motion for a preliminary injunction are due on or before November 1, 2013. Plaintiff's reply is due on or before November 8, 2013. Discovery shall move apace.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: October 16, 2013