IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PARAMOUNT MEDIA GROUP, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 3994 |
| v. | ) ) | Judge Jorge Alonso |
| VILLAGE OF BELLWOOD, an Illinois municipal corporation, and IMAGE MEDIA, an Illinois corporation, | ) ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Image Media has moved to bar Paramount's late disclosed theory of damages based on a digital, as opposed to a static, billboard display. A digital sign is generally more valuable than a static sign because it is capable of displaying more and varied advertising content, thereby potentially earning more revenue. In this case, the alleged difference is enormous: $1.6 million in claimed damages for a static sign, versus about $14 million in claimed damages allegedly sustained in connection with a digital sign. What the plaintiff has attempted to do, Rule 26 forbids. *See Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.,* 2008 WL 1883435, 3-4 (N.D.Ill. 2008)(refusing to permit a late disclosed damage claim that initially was stated as "in excess of $400,000" to one in excess of $2 million. ).[1] As in *Lancelot Investors Fund*, what the plaintiff here has attempted to do

---

[1] The court held that the $2 million claim was an amount so disproportionately greater than $400,000 as to effectively constitute a new damage claim. At a minimum, the claim that the damages were "in excess of $400,000" gave insufficient notice that the defendants would ultimately claim damages in excess of $2 million. The lack of adequate notice of the real amount of the damages made all the more urgent timely and complete discovery. The defendants' repeated and inexcusable non-disclosure of the information needed to defend against that claim could scarcely be more

could scarcely be more incompatible with Rule 26.[2]

I.

Paramount filed this case on May 30, 2013. At that time, it attached to its complaint its IDOT application for a sign permit which indicated it would be erecting a "Painted bulletin" sign. [Dkt. # 1-2]. Paramount filed an amended complaint on January 28, 2014, and nothing had changed – the sign at issue was a static one. [Dkt. # 81-2]. Three weeks later, on February 21, 2014, Paramount made its amended Fed.R.Civ.P. 26(a)(1) damages disclosure: "In addition to declaratory and injunctive relief, Paramount is seeking damages in the amount of $1,678,000.00, the fair marketing value of the outdoor advertising sign, and its attorneys' fees and costs." [Dkt. #151-1, at 3]. That same day, in response to the defendants' interrogatory asking that Paramount "[i]dentify and itemize all lost profits and monies" that it was claiming it lost due to the "inability to construct and operate a billboard sign at the . . . property", Paramount again stated a figure of $1,678,000. [Dkt. #151-2, at 10].

Fact discovery closed on August 31, 2014. [Dkt. # 110]. Nearly two months after that, on October 20, 2014, Paramount served an amended Rule 26(a) disclosure in which it added two additional damage claims or theories: $3,611,173.00 for a double-sided static sign and $13,993,808.00 for a double-sided digital sign. [Dkt. # 151-3, at 3]. Apparently, this was accompanied by, and based on, the amended expert report of David Quas [Dkt. # 121, at 4-5], who

---

incompatible with Rule 26.

[2] The plaintiff's lawyer attempted during one hearing to justify this massive increase in damages by saying that the calculation was an alternative theory of recovery, "which goes to punitive damages." [Dkt. #145 at 34]. But that contention is baseless, and, beyond saying it, counsel never attempted to develop the argument.

2

happens to be Paramount's CEO.[3] Not surprisingly, this threw the defendants for a loop, and they quickly filed a motion to bar this new claim. Expert discovery closed on October 24, 2014, just a few days after the bombshell.

At the hearing on the motion, I denied it without prejudice, and said the matter could be revisited after depositions of Paramount's experts. It was not then clear from the parties' presentations whether the new claim for damages was a whole new damage theory that had not been disclosed in a timely manner or was merely a different calculation based on facts that had been properly disclosed. The parties had different views on this question. At the same time, there was an issue regarding a newly – or tardily – disclosed site plan. [Dkt. # 145, at 39-41]. But the issue regarding the new site plan did not really control the issue regarding the sudden inflation of damage from $1.6 million to almost $14 million – they were separate issues, although they unfortunately became conflated in the extended discussion at the hearing. [Dkt. # 145, at 38-40, 43, 45]. Expert discovery had a lot to do with the site plan issue, but not so much to do with the surprise damages assertion issue. It ought to have been clear that this was not merely an updated calculation, as counsel for defendants attempted to explain at the hearing [Dkt. # 145, at 38-39], but a new theory of damages based on undisclosed facts.

Still, expert discovery did confirm this. Paramount's expert witness assigned to provide an appraisal of the value of a billboard at the location at issue, Rodolfo Aguilar, disclosed his opinion well before the close of fact discovery, on February 11, 2014. He came up with the $1,678,000

---

[3] Mr. Quas's expert opinion and report have been stricken and barred in a companion Opinion being filed contemporaneously with this Opinion. As such, there is nothing to support the inflated damages calculation. Nonetheless the issue will be addressed in this Opinion in any event, because each ruling or recommendation from a magistrate judge is subject to the appeals process before the district court judge as prescribed in Fed.R.Civ.P. 72.

figure. [Dkt. #151-5, at 7]. In his report he states that Paramount engaged him to appraise an "outdoor advertising billboard structure with back-to-back **20'x60'** illuminated **static** bulletin faces . . . ." [Dkt. #151-5, at 2, 4 (emphasis in original)]. He reiterated the contours of the issue at his deposition:

> Q: In other words, Paramount told you that it was their plan to build the sign with a static face?
>
> A: Correct.
>
> Q: And not a digital or LED face?
>
> A: Correct.

(Aguilar Dep., at 19). Similarly, Paramount tasked its construction expert with providing an opinion limited to the construction of a static sign, not a digital one. (Page Dep., at 45-46). Paramount's engineer knew nothing about any plans for a digital sign. (Carstens Dep., at 88-89).[4]

## II.

Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii), a party seeking damages must "without awaiting a discovery request, provide to the other parties ... a computation of each category of damages claimed by the disclosing party" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material ... on which each computation is based." *See Design Strategy, Inc. v. Davis,* 469 F.3d 284, 295 (2d Cir.2006). Rule 26(e)(1) requires parties to supplement their initial disclosures in a timely manner if the party learns that they are incomplete or incorrect. Consequences for failure to follow these rules come via Fed.R.Civ.P. 37(c)(1), under which a party

---

[4] At his deposition, Mr. Quas said the direction he gave the engineers " for a billboard that would accommodate both static faces or digital faces." (Quas Dep., at 19). But the engineer on the project who was deposed, Mr. Carstens, knew nothing about accommodating a digital sign. (Carstens Dep., at 88-89).

failing to provide the information required by Rule 26 "is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." *See, generally, Dynegy Marketing and Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011). [5]

For Paramount, going from a painted sign to a digital sign, and going from $1.6 million in damages to $14 million in damages, is simply a matter of supplementing its damage disclosure under Rule 26(e)(1). Mr. Quas's amended expert report was timely, so the new damages theory was timely. But timeliness (or rather untimeliness) is only one facet of this issue. Rule 26(a)(1)(E) warns that "[a] party is not excused from making its disclosures because it has not fully investigated the case . . . ." If a digital sign was, as Paramount fecklessly suggests, in the game all along, the damage claim should have been accounted for in the initial and subsequent disclosures.[6] It was not, and the plaintiff offers no excuse for why it wasn't. If plaintiff was able to do the calculation for static sign

---

[5] This approach to the disclosure of damage information is quite different to the pre-Rules approach that held that "the amount of damages is not an issue, but follows the determination of the issues in the case, and discovery [through a bill of discovery] is granted only in aid of the issues." *Munger v. Firestone Tire & Rubber Co.,* 261 F. 921, 923 (2nd Cir.1919). The view that once regarded discovery as an intolerable form of prying has been replaced by the modern attitude toward discovery that regards secrecy as uncongenial to truth-seeking and trial by ambush as destructive of the overarching goal that cases be justly determined on their merits. *See Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002); This smacks of "trial by ambush,"*NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 253 (1978) (Powell, J., concurring and dissenting), the very thing the discovery rules were intended to eradicate.

[6] At one point in his initial expert report, issued March 13, 2014, Mr. Quas muses that while the value of a static sign would be $1.6 million, it "could be significantly more if a digital billboard space is installed . . . ." [Dkt. #154-1, at 3]. He offered no more than that, and confined his opinion and computation to a static sign. That's likely because he applied for an IDOT permit for a painted sign, not a digital one. Other than this one casual aside in a report about a static sign, Paramount did not raise the issue of a digital sign for another *seven months*. If the digital sign were a part of Paramount's case, a supplemented damages statement should have come well before that. Moreover, if, as Mr. Quas claims, he directed engineers to draw up plans that accommodated a digital *as long ago as the planning stages* [Dkt. # 154, at 8], there is certainly no excuse for not revealing a damages disclosure until October of 2014.

damages in a timely fashion, it ought to have been able to provide a similar calculation for a digital sign.

In the end, in two rounds of briefing [Dkt. # 121, 154], Paramount offers no excuse for not having disclosed its huge digital sign damages assertion – whether new theory or new calculation – until the close of expert discovery. It does not say that when disclosures were made, it had not "fully investigated" its case; but there can be no other explanation, and, under Rule 26(a)(1)(E), that's unacceptable. If, as Paramount claims, it had the idea about a digital sign all along, it's even worse (and more indicative of intentional concealment) that its disclosures failed to address the damages related to such a sign. It had no problem, at the time, calculating damages for a static sign. The evidence is clear: the claim for a digital sign is clearly new, a Trojan horse smuggled in at the eleventh hour. *See Lancelot Investors Fund, L.P.*, *supra*.

To avoid exclusion under Rule 37(c)(1), Paramount has to show its last minute disclosure of a new damage theory was either substantially justified or harmless. *Salgado by Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 (7th Cir.1998); *Finwall v. City of Chicago,* 239 F.R.D. 504, 506 (N.D.Ill.2006). With no explanation for what took so long, there is no showing that the tardiness of the disclosure was substantially justified – or justified even a little bit. And Paramount does not even bother to argue it was harmless, unless its claim that the idea of a digital was in the case all along can be counted – and it clearly cannot. Accordingly, the new claim for damages attributable to a digital sign must be barred.

Rule 26(e) does not give litigants a license to ignore their obligation of timely disclosure of damage theories and to excuse the significant omissions on the ground that a trial date has not been set and thus there is time to have further discovery. That insouciant approach has been rejected time

and again. *See, e.g., Fidlar Technologies v. LPS Real Estate Data Solutions, Inc.*, 2015 WL 109835, 4 (C.D.Ill. 2015)(collecting cases); *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 215 (N.D.Ill. 2013)(collecting cases); *Finwall, supra*; *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.* 2007 WL 1589495, *9 (D.D.C.2007); *Reid v. Lockheed Martin Aeronautics Co.,* 205 F.R.D. 655, 662 (N.D.Ga. 2001).

## CONCLUSION

The defendants' motion to bar the Paramount's damages claim for a new digital sign [Dkt. # 151] is GRANTED.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE: 5/28/15**

**Under Fed.R.Civ.P. 72(a), parties must file any objections to this order within 14 days. The district judge must consider timely objections and modify or set aside any part of this order that is clearly erroneous or contrary to law. Failure to file timely objections constitutes a waiver of any objections to this order.** ***Williamson v. Indiana University*, 345 F.3d 459, 464 (7th Cir. 2003).**