IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PARAMOUNT MEDIA GROUP, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 3994 |
| v. | ) ) | Judge Jorge Alonso |
| VILLAGE OF BELLWOOD, an Illinois municipal corporation, and IMAGE MEDIA, an Illinois corporation, | ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

**A.**

Image Media has moved to bar the so-called expert rebuttal reports of Paramount Media Group's experts, Gerald Page and Rudolfo Aguilar, pursuant to Fed.R.Civ.P. 26(a)(2)(D) and 37(c)(1). It is Image Media's contention that the reports violated the agreed-upon discovery schedule entered on October 29, 2014, which required the parties to "file an agreed proposed schedule *to govern expert discovery* in this case by November 12, 2014, . . . ." [Dkt. # 124](emphasis added). Image Media also contends that the so called rebuttal reports are an "effort to overcome [the experts' previous opinions] in an effort to overcome their fundamental flaws." (Reply brief at 1, Dkt. # 177).

In the parties' agreed proposed scheduling order, the parties asked that the following deadlines be imposed:

1) December 31, 2014, for Defendants' [sic] to depose Plaintiff's previously disclosed Rule 26(a)(2) witnesses;

2) February 27, 2015, for Defendants to comply with Rule 26(a)(2);

3) April 15, 2015, for Plaintiff to depose Defendants' disclosed Rule 26(a)(2) witnesses;

4) The parties request a status date... in January after the date for concluding the depositions of Plaintiffs previously disclosed Rule 26(a)(2) witnesses.

[Dkt. #135]. The parties made no mention of any rebuttal experts.

On December 23, 2014, the following scheduling order was entered:

1) Plaintiff shall comply with Federal Rule of Civil Procedure 26(a)(2) with respect to the amended report of Gerald Page by December 31, 2014;

2) Plaintiff shall depose Plaintiff's Rule 26(a)(2) witnesses by February 15, 2015;

3) Defendants shall comply with Rule 26(a)(2) by March 27, 2015;

4) Plaintiff shall depose Defendants' disclosed Rule 26(a)(2) witnesses by May 15, 2015;

5) The Parties shall file any dispositive motions on or before June 15, 2015.

[Dkt. #141]. As with the parties' proposed schedule, there was no mention of any rebuttal reports.

Nevertheless, on April 24, 2015, Paramount disclosed two rebuttal reports.

The sequence of the disclosure of expert reports is governed by Fed.R.Civ.P 26(a)(2)(D):

(D) *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

> (I) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Given the language of the Rule, the parties' proposed scheduling order, and the scheduling order the court entered, there are two possibilities here. One is extremely unlikely, and the other is consistent

with the facts, the parties' behavior, and their representations to the court.

The first scenario is that, although they made no reference to them whatsoever, the parties contemplated rebuttal reports and, given that defendants' disclosures were due March 27, 2015, if the default schedule in the rule applied, Paramount's rebuttal reports were due April 26, 2015. Fed.R.Civ.P. 26(a)(2)(D)(ii). But, under the agreed, court ordered schedule, the last date for *any* expert discovery is May 15th, just 19 days after Paramount disclosed the reports. That's precious little time to assess the reports and set up and prepare for another round of depositions. Surely, if either side contemplated a need for rebuttal reports, they would have built more time into the schedule than that. *See* Local Rule 16.1, Standing Order Establishing Pretrial Procedure. ("Except to the extent specified by the court on motion of either party, discovery must be *completed* before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order."); *Finwall v. City of Chicago*, 239 F.R.D. 494, 499 (N.D.Ill. 2006)("It would be similarly inappropriate to provide expert reports so near to the close of discovery that the other side could neither depose the expert nor engage a rebuttal expert of its own.").

Moreover, both parties were, of course, aware of the rule being a default that applied in the "[a]bsence [of] a stipulation or court order . . . ." Fed.R.Civ.P. 26(a)(2)(D). They were just as aware that the order they came up with, and that was eventually entered, was intended to "govern expert discovery," and expert rebuttals are, by definition, part of that discovery. Here, there *was* a court order that was a product of the parties' agreement, meaning the default rule does not apply. And neither side asked for rebuttal reports in the scheduling order that they intended would "govern expert discovery." Can it be that, through the neglect of attorneys on *both sides* of this case, neither

3

side thought to account for even the possibility of rebuttal reports or inform the court that they might be necessary? This scenario is the extremely unlikely one.

The second scenario is far more likely. As the parties were given *carte blanche* to formulate their own expert discovery plan, attorneys on both sides made a studied consideration of their cases and made a conscious decision that rebuttal reports would not be necessary and would not be allowed. This is clearly the probable scenario, as clearly, neither side's attorneys would simply drop the ball on rebuttal reports altogether. After all, lawyers by training if not by inclination tend to be "belt-and-suspenders" types, always attempting to anticipate and account for every potentiality, however remote. Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts, 176–177 (2012).

There was nothing remote or unanticipated about rebuttal reports. The careful lawyers involved in this case could not have overlooked such reports. If anything, this case has been expert-heavy, with expert reports detailing issues that seem well within the grasp of a jury, such as whether a support post for a sign blocks a parking space or doesn't. Attorneys that order expert reports like that are going to account for rebuttal reports in their schedule; if they don't, it means they could not think any were needed. Thus, the attorneys here clearly decided that rebuttal reports would not be a part of this case. Paramount is bound by their attorneys' tactical decision. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-34 (1962); *Farzana K. v. Indiana Dept. of Education*, 473 F.3d 703 (7th Cir. 2007); *United States v. Babul*, 476 F.3d 498 (7th Cir. 2007); *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006); *Coleman v. Smith* 814 F.2d 1142, 1146 (7th Cir. 1987).

Paramount cites a single case from this District, which it claims holds that Fed.R.Civ.P. 26(a)(2)(D)(ii) applies, and thus Paramount had 30 days after the defendants' March 27th expert

disclosure to issue rebuttal reports. Since it did so on April 24th, its disclosures came two days before the last permitted date of April 26th. [Dkt. #170, at 3]. But, in *Aircraft Gear Corp. v. Marsh*, 2004 WL 1899982 (N.D.Ill. 2004), the precise issue presented here was not before the court and thus, the decision is not helpful. *Parents Involved in Community Schools v. Seattle School Dist.*, 551 U.S. 701, 803 (2007). *See also Republic of Austria v. Altmann*, 541 U.S. 677, 733 (2004); *Cromwell v. County of SAC*, 94 U.S. 351, 356 (1878); *Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 445 (N.D.Ill. 2006)(collecting cases). Moreover, in *Marsh,* the court did not leave it to the parties to set up a schedule to govern their own expert discovery. Quite the contrary; the scheduling order expressly provided a date for expert disclosures. The court did not include in his schedule a date for rebuttal reports, presumably because he assumed the parties would ask for an amendment to the schedule if they felt it necessary. *Marsh*, 2004 WL 1899982 at 2. That's not the case here. The parties were left to their own devices, and neither side – and that includes Paramount – made a provision for rebuttal reports.

Paramount also cites cases from other Districts, but none involved the parties structuring their own expert discovery. *See Larson v. Wisconsin Cent. Ltd.*, 2012 WL 368379, *4 (E.D.Wis. 2012); *City of Gary v. Shafer*, 2009 WL 1370997, *3 (N.D.Ind. 2009). Only one case, from the Southern District of Indiana, involves a court disregarding the parties' own expert discovery scheduling and allowing the filing of rebuttal reports under Fed.R.Civ.P. 26(a)(2)(D)(ii) even though the parties made no accommodation for such reports in their agreed upon schedule. In *McAtee v. Buca Restaurants, Inc.*, 2011 WL 4861867 (S.D.Ind. 2011), the court did not speak to the text of Rule 26(a)(2)(D), which unambiguously requires that a party "must make ... disclosures at the times and in the sequence that the court orders." The Rule goes on to address the situation where, unlike here,

there is no "stipulation or a court order...." In that context, the disclosures must be made 30 days after the other party's disclosure. Rule 26(a)(2)(D). Here, the parties came up with their own rules to govern expert discovery, which were then incorporated into a court order. The parties, themselves, chose not to permit rebuttal reports. In short, there is, in this case, not only a court order, but "a stipulation" by the parties that effectively excluded rebuttal expert reports.

In any event, *McAtee,* although entitled to careful consideration, is not binding on this court, *see American Elec. Power Co., Inc. v. Connecticut*, – U.S. –, –, 131 S.Ct. 2537, 2540 (2011), and wouldn't be even if it had been decided by a judge in this District. *Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3d 486, 490 (7th Cir. 2012).

Paramount's rebuttal reports, which they chose to leave completely unaccounted for in their proposed scheduling order, must be barred.

**B.**

Defendants also argue that the reports are not rebuttal reports since they do not comport with Rule 26(a)(2)(C) in that they do not "solely" contradict or rebut evidence on the same subject matter as disclosed by Defendants. Instead, it is argued that they attempt to amend earlier reports to obviate "fundamental flaws" in the original reports.

Under Rule 26, to constitute a proper rebuttal report, the report must contradict, impeach or defuse the impact of evidence offered by an adverse party. *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008). Rebuttal expert testimony is impermissible if its function is to provide additional support for a party's case-in-chief. The testimony must be limited to contradicting or rebutting evidence on the same subject matter identified by another party in its expert disclosures. *Id*. at 630. *See also Stanfield v. Dart,* 2013 WL 589222, 3 (N.D.Ill. 2013); *Ernst v. City of Chicago*,

6

No. 08 C 4370, 2013 WL 4804837, *1 (N.D. Ill. 2013).

We begin with the Page report. Page previously stated that the proposed sign could be built "as designed." (Exhibit 2 to Image Media's Motion, at 2.) After Image Media's experts opined that the sign could not be built as designed because the location of the support column would pass through the adjacent building's overhanging eaves, Page submitted a "rebuttal" report that now provided that the column can be moved so as not to interfere with the building's eaves. (Exhibit 4 to Image Media's Motion, at 1.) In other words, as Image Media's Reply brief argues, Page has conceded that the February 2014 site plan cannot be built "as designed." and has attempted to revise his opinion.

Page's "rebuttal" report opines that several considerations will factor into where the sign column is located, including the size of the column, the size of the building's footing, and the building's eaves. Despite Page's revisions to his opinion, Paramount contends that Page's ultimate conclusion has not changed, and he does not "state that the column needs to be moved." (Resp. at 4.) That contention is hard to square when the clear language in the new report is considered:

> The *placement of the column* in relation to the building will be dictated by the engineering design and the foundation of that design and this will place the steel column itself outside of the building overhang. The steel pipe column is almost always a smaller size than the concrete foundation itself and *this will dictate the placement*. The building footing of the existing foundation will also be a factor and those combined parameters *will dictate the column placement*.

(Exhibit 4 to Image Media's Motion, at 1) (emphasis added).

This paragraph, which fairly read, evidences Page's new opinion that the column placement will change depending on various factors, attempts to set right Page's initial conclusion that the sign could be built "as designed." Because Page attempts to remedy the errors of his previous report by

7

amending it, his "rebuttal" report is improper.[1]

Second, putting aside that Aguilar's rebuttal report should be barred for the same reasons as expressed in this Court's June 2, 2015 opinion barring him as an expert witness in this case, his report likewise attempts to amend his earlier opinion. In fact, Aguilar now attempts to offer the opinion that his previous report was based on a fact that he testified at his deposition not to have known. Specifically, Aguilar testified at his deposition that he had no knowledge as to whether Paramount ever applied for a local permit from the Village of Bellwood to build its proposed sign. (Exhibit 6 to Image Media's Motion.) Now, however, Aguilar claims that his appraisal was based on his assumption that Paramount would have received a permit but for the "unwillingness of the Village of Bellwood to grant its permit to Paramount." (Exhibit 8 to Image Media's Motion, p. 3.) In other words, Aguilar seeks to amend his prior report, which stated that there was no "legal limitation to the use of the referenced sign-site for the outdoor advertising structure." (Exhibit 5 to Image Media's Motion.)

In response, Paramount argues only that Aguilar had to assume a permit would have been granted. (Resp. at 5). Yet, how could Aguilar assume a fact in his original report that he testified under oath not to have known? That is, Aguilar did not know that Paramount never applied for a

---

[1] Image Media further argues that Page's opinion that the sign's design now depends on a variety of factors is an attempt to introduce a new site plan in violation of the Court's order barring Paramount from introducing new site plans after the close of fact discovery. (*See* 10/28/2014 Order, Dkt. #124). Image Media is right that defendant cannot make its sign a "moving target" by adopting an "it depends strategy" at this late date. Image Media is entitled to know what sign Paramount intends to build, so it can defend Paramount's claims. Paramount should not be permitted to amend its sign any time Image Media points out a claimed design flaw. The whole purpose of the regime of discovery established by the Federal Rules of Civil Procedure is to eliminate what Wigmore called the "sporting theory of justice." *In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d 1007, 1020 (1st Cir. 1988); *Miller v. Lenz,* 2010 WL 252287, 6-7 (N.D.Ill. 2010).

permit and he has now attempted to give an opinion as if he had.

## CONCLUSION

Image Media's Motion to Bar Paramount's Rebuttal Expert Reports [Dkt. #162 ] is granted.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/10/15

**Under Fed.R.Civ.P. 72(a), parties must file any objections to this order within 14 days. The district judge must consider timely objections and modify or set aside any art of this order that is clearly erroneous or contrary to law. Failure to file timely objections constitutes a waiver of any objections to this order.** *Williamson v. Indiana University*, **345 F.3d 459, 464 (7th Cir. 2003);** *Tumminaro* **v. Astrue, 671 F.3d 629, 633 (7th Cir. 2011).**